M. A. BLACKWELL *v.* W. D. GRAHAM.

EVIDENCE.   *Erroneous admission.   Reversal.*

If a plaintiff so far fails to make out his case that a peremptory in
struction could rightfully be given against him, he cannot reverse
the judgment for defendant because the trial court permitted de-
fendant to introduce incompetent evidence.

FROM the circuit court of Pearl-River county.
HON. S. H. TERRAL, Judge.
The facts are stated in the opinion.

*Watkins & Travis*, for appellant.
*G. W. Ellis*, for the appellee.

STOCKDALE, J., delivered the opinion of the court.

This was an ejectment suit by appellant (plaintiff below), for
the possession of a strip of land, ten feet wide and two hun-
dred and ten feet long, on the south side of lot No. 2, block
No. 2, in the village of McNeil, in Pearl-River county.

There are five assignments of error.   The second and third
go to the action of the court below in admitting the testimony
of the witnesses, Graham and Harvey.   These gentlemen were
competent witnesses; but the assignments are intended to apply
to certain parts of the testimony of each, as is shown by the
record and the argument of counsel.   Both of these witnesses
testified, over the objection of plaintiff, that there was a mis-

take in the plat of the town of McNeil, which plat defendant referred to in his deed to plaintiff of lot 2.   Plaintiff's counsel protested, and insists in his argument here that defendant could not change his plat by which he sold to plaintiff lot 2, nor be heard to contradict the recitals of his deed nor the plat, so far as he recites them, nor to reform the deed, by parol, in a court of law in an ejectment suit, to the injury of his vendee —evidently a correct proposition—and any such testimony ought not to enter into the determination of this case, and probably did not in the court below.   Whatever of the testimony of said witnesses as is not subject to these objections may be considered.

· The deed from Graham to Blackwell describes lot No. 2, block No. 2, which block No. 2 is bounded by Clark, Common and Avenue streets, said lot fronting on Clark street 210 feet, and running back between parallel lines 210 feet to Common street, and described in Harvey's map, etc., which map is in evidence.   There is no discrepancy between them, and it is clear that appellant is entitled to lot No. 2, as described in the deed.

W. D. Graham, the defendant, testified that he and appellant together measured off the land that he had agreed to sell Mr. Blackwell, appellant, and they drove stakes at the corners; that was some time before the deed or plat was made, and Blackwell paid him for the lot; that when he employed Harvey to lay off the town and make the plat, he instructed him to so divide block No. 2 as to make the lines of lot No. 2 conform to the stakes put down by himself and Blackwell, indicating the lands sold or bargained to Blackwell.   Harvey testifies that he did so lay off lot No. 2 as to conform to the lines made by appellee and appellant.   There was no rebuttal of any of this testimony.

Plaintiff (appellant) himself testifies as follows:  "If the strip of land in controversy is a part of and lies within the boundaries of lot No. 1, then I do not claim it; but I do not think the land in controversy lies in lot No. 1.   If lot No. 2

has 210 feet fronting on Clark street, outside of the strip of
ten feet which I am suing Mr. Graham for, then that is all the
land that I am entitled to; but I claim that it takes the strip of
10 by 210 feet to make my 210 feet, measuring north and south
on Clark street. Yes, if from the southern boundary of lot
No. 3, measuring southward on Clark street up to the northern
boundary of the strip of land in controversy, there should be
found by survey to be 210 feet, then I would have no claim
on the land I am suing Mr. Graham for.''

P. J. Harvey, the surveyor, was introduced for defendant,
and followed Mr. Blackwell and testified as follows, in part:
That he laid off lot No. 2 to coincide with the lines marked
by the stakes put down by Mr. Graham and Mr. Blackwell, and
then goes on: '' Well, I then surveyed lot No. 2, in said block,
and found the stakes, etc. . . . I further found that from
the stakes marking the southern boundary of lot No. 2, meas-
uring north on Clark street up to the southern boundary line
of lot No. 3, in said block No. 2, it just measured 210 feet.''

These two witnesses describe the same line, and therefore
plaintiff has no claim on the strip in controversy, but has the
amount he purchased and for which his deed calls—210 feet
on Clark street by 210 feet running back between parallel
lines. It is stated in the notes, but not shown by the map
itself, where the surveyor commenced to lay off the town, nor
is it stated in the deed, nor how far any point of lot No. 2 is from
any point or known or fixed object, except it fronts on Clark
and Common streets. The proof, however, shows that the
surveyor commenced to lay off block No. 2 at a point and on
lines arbitrarily fixed at the stakes where appellant and appellee
had marked lot No. 2, and which was pointed out by appellee
to appellant as the lands to be paid for by appellant; and ap-
pellant had the right to that land and could have demanded a
deed to it, and appellee would have been compelled to make it
coinciding with the lines pointed out and agreed upon, regard-
less of whether lot 1 should be larger or lot 5 smaller.

We think that, leaving out of view any objectionable testimony, the plaintiff below (appellant here) failed to make out his case, or such a case as would have warranted the jury to find in his favor, and that the peremptory instruction to the jury to find for defendant was properly given.

*The judgment of the court below is affirmed.*